# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| LUNA ECLIPS,<br><br>       Plaintiff,<br><br>vs.<br><br>WALLACE CASS, *et al.*,<br><br>       Defendants. | Case No. 3:21-cv-00038-RRB |

## **ORDER OF DISMISSAL**

Luna Eclips, representing himself, has filed a Prisoner's Complaint under the Civil Rights Act, 42 U.S.C. § 1983; a Prisoner's Application to Waive Prepayment of the Filing Fee under 28 U.S.C. § 1915(a); a Request for Stand-by Counsel at Public Expense; and a Motion requesting the full names of four of the ten Defendants.[1]

The Court takes judicial notice[2] that Mr. Eclips changed his name from Bobby Dewayne Kirkwood to Luna Eclips, effective October 1, 2009.[3]

---

[1] Dockets 1, 3, 7, 8.

[2] Judicial notice is the "court's acceptance, for purposes of convenience and without requiring a party's proof, of a well-known and indisputable fact. . .." *Black's Law Dictionary* (11th ed. 2019); *see also Foster Poultry Farms v. Alkar-Rapidpak-MP Equip., Inc.*, 868 F. Supp. 2d 983, 990 (E.D. Cal. 2012) ("Courts routinely take judicial notice of publicly available records . . . from other court proceedings.") (citing *Engine Mfrs. Ass'n v. South Coast Air Quality Management Dist.*, 498 F.3d 1031, 1039 n.2 (9th Cir. 2007) (additional citation omitted)); Fed. R. Evid. 201.

[3] *See* https://records.courts.alaska.gov/eaccess/searchresults, *In the Matter of Bobby Dewayne Kirkwood*, 3AN-08-05031CI.

As Defendants, Mr. Eclips names employees of Mat-Su Pretrial Facility along with two Alaska State Troopers.[4] Mr. Eclips claims that (1) on December 28, 2020, "[w]hile incarcerated at Matsu Pretrial, under the fraudulent case of State of Alaska v. Bobby Kirkwood (3AN 13 01790CR), and parole violation (alleged) . . . Cass Wallace came . . . and approached [Mr. Eclips] in a threatening manner while raising his voice and putting [him] in fear"; (2) Defendant Tammi Patterson was the sergeant in command when Cass Wallace placed him in fear of injury, and failed to contact authorities to investigate; (3) Superintendent Sheri Olson was responsible for the daily operations, denied that Defendant Cass Wallace was at fault, and failed to contact authorities to investigate; (4) Defendant Garris was "believed to be on shift . . . and did nothing to notify staff authority so they could investigate," and "most likely was at camera monitor when crime took place"; (5) Defendant Dahlstrom was the Commissioner of the Department of Corrections, responsible for the overall performance of all employees statewide," but "[w]hen notified of crime, she did nothing to notify the authorities so an investigation could be conducted" in a conspiracy to cover up egregious and gross negligence; (6) Defendant Kitter was a lieutenant, "above the S.S. and CO's and below Superintendent," and did "nothing towards investigation of crime of gross negligence," indicating that she "is involved in this conspiracy to hinder prosecution

---

[4] Docket 1 at 2–4.

of suspect, Cass Wallace . . ."; (7) Defendant Facility Standards Officer Robert Hall "ignore[d] the veracity of issue and discredit[ed] [Mr. Eclips], violat[ing] oath of office to the U.S. Government, and the fine people of this state, not to mention . . . the Alaska Department of Corrections, Policy & Procedures"; (8) Alaska State Trooper/Judicial Officer Jamie failed to uphold his oath by neglecting Mr. Eclips when told of the event; and (9) Alaska State Trooper Lapke has become "an imposter of office . . . because of his gross neglect of the United States of America, Constitution, to which he turned his back on and made a mockery of the lives and deaths that were given so that we could be the greatest country on earth, as the land of the free and the home of the brave."[5]  Although Mr. Eclips names Nurse Heather as a Defendant,[6] he fails to state any claims against her.

The Court takes judicial notice that, although Mr. Eclips says that he attempted to file a similar case in the state court in January,[7] the state court records show no cases filed by Mr. Eclips in 2021.[8]

---

[5] Docket 1 at 5–17.

[6] *Id.* at 3.

[7] *Id.* at 18.

[8] *See* https://records.courts.alaska.gov/eaccess/ searchresults.

# SCREENING REQUIREMENT

Federal law requires a court to conduct an initial screening of a civil complaint filed by a self-represented prisoner who seeks to waive prepayment of the filing fee. In this screening, the Court shall dismiss the case if it determines that the action:

(i) is frivolous or malicious;

(ii) fails to state a claim on which relief may be granted; or

(iii) seeks monetary relief against a defendant who is immune from such relief.[9]

To determine whether a complaint states a valid claim for relief, courts consider whether the complaint contains sufficient factual matter that, if accepted as true, "state[s] a claim to relief that is plausible on its face."[10] In conducting its review, a court must liberally construe a self-represented plaintiff's pleading and give the plaintiff the benefit of the doubt.[11] Before a court may dismiss any portion of a complaint for failure to state a claim upon which relief may be granted, the court must provide the plaintiff with a statement of the deficiencies in the complaint

---

[9] 28 U.S.C. § 1915(e)(2)(B); *see also* 28 U.S.C. § 1915A(a), (b).

[10] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In making this determination, a court may consider "materials that are submitted with and attached to the Complaint." *United States v. Corinthian Colleges*, 655 F.3d 984, 999 (9th Cir. 2011) (citing *Lee v. L.A.*, 250 F.3d 668, 688 (9th Cir. 2001)).

[11] *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc)).

and an opportunity to amend or otherwise address the problems, unless to do so would be futile.[12]

## DISCUSSION

The Court takes judicial notice that Mr. Eclips has filed many other civil rights cases in this Court, requesting that the Court waive prepayment of the filing fee, and has been given numerous opportunities to amend his pleadings.[13] As in this case, one of his previous cases involved claims of verbal abuse, and the failure of other defendants to intervene or properly respond to his subsequent grievances.[14]

### I. Federal Court's Limited Jurisdiction

42 U.S.C. § 1983 is a federal statute that "is not itself a source of substantive rights," but provides "a method for vindicating rights [found] elsewhere."[15] To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must "plead that (1) defendants acting under color of state law (2) deprived plaintiff of rights secured by the federal

---

[12] *See Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2010) (citing *Albrecht v. Lund*, 845 F.2d 193, 195 (9th Cir. 1988)).

[13] *See Eclips v. Self, et al.*, 3:15-cv-00110-SLG; *Eclips v. Volland, et al.*, 3:18-cv-00006-RRB; *Eclips v. Volland, et al.*, 3:18-cv-00169-TMB; *Eclips v. Williams, et al.*, 3:21-cv-00053-RRB; *see also Kirkwood v. Chandler, et al.,* 3:11-cv-00017-RRB, filed before Mr. Eclips changed his name.

[14] *Kirkwood v. Chandler*, 3:11-cv-00017-RRB, Dockets 1, 6.

[15] *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)).

Constitution or federal statutes."[16] To act under color of state law, a complaint must allege that the defendants acted with state authority as state actors.[17] To be deprived of a right, the defendant's action needs to either violate rights guaranteed by the Constitution or an enforceable right created by federal law.[18] A plaintiff must establish a causal link between the state action and the alleged violation of his rights.[19] These essential elements must be pleaded in a § 1983 claim.

## II. Verbal Abuse

As has been previously explained to Mr. Eclips in a case where he complained of "verbal abuse," "verbal harassment generally does not violate the Eighth Amendment."[20] The Ninth Circuit has found that "it trivializes the eighth amendment to believe a [mere naked] threat constitutes a constitutional wrong."[21]

---

[16] *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986).

[17] *West v. Atkins*, 487 U.S. 42, 49 (1988) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)).

[18] *Buckley v. City of Redding*, 66 F. 3d 188, 190 (9th Cir. 1995); *Blessing v. Freestone*, 520 U.S. 329, 340–41 (1997).

[19] *Preschooler II v. Clark Cty. Sch. Bd. Of Trs.*, 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)).

[20] *Kirkwood v. Chandler,* 3:11-cv-00017-RRB, Docket 6 at 4 (quoting *Keenan v. Hall*, 83 F.3d 1083, 1092 (1996) ("Keenan has not presented evidence that these comments were unusually gross even for a prison setting and were calculated to and did cause him psychological damage. Here, Keenan alleged only that the comments denied him 'peace of mind.'")).

[21] *Id.* (quoting *Gaut v. Sunn*, 810 F.2d 923, 925 (9th Cir. 1987)).

The Court told Mr. Eclips that "'[v]erbal harassment or abuse . . . is not sufficient to state a constitutional deprivation under 42 U.S.C. § 1983.' . . . We hold, therefore, that [the plaintiff] fails to raise a genuine issue as to a constitutional violation on the basis of the alleged abusive epithets."[22] Thus, Mr. Eclips cannot state a civil rights claim for relief in federal court based upon his allegation that Defendant Wallace "approached [him] in a threatening manner while raising his voice and putting [him] in fear."[23] To say otherwise, would "trivialize" the Eighth Amendment.

The only way to state a claim for relief in this case would be by inventing a different set of facts. But the Court will not encourage a litigant to create new facts to fit within a legal theory by providing Mr. Eclips further opportunities to amend his complaints.[24]

Because all the further claims against other Defendants stem from the claim concerning Mr. Wallace's raised voice, this entire case must be dismissed for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii).

---

[22] *Id.* (quoting *Freeman v. Arpaio*, 125 F.3d 732 (9th Cir. 1997) (citation omitted), abrogated on other grounds by *Shakur v. Schirro*, 514 F.3d 878 (9th Cir. 2008)).

[23] Docket 1 at 5.

[24] *See Eclips v. Volland*, 3:18-cv-00006-RRB, Docket 6 (permitting amended complaint), Docket 38 (dismissal); *Eclips v. Self,* 3:15-cv-00110-SLG, Dockets 13, 15, 23 (permitting amended complaints), Docket 28 (dismissal); *Kirkwood v. Chandler*, 3:11-cv-00017-RRB, Docket 6 (permitting amended complaint), Docket 7 (dismissal).

### III. Frivolous Claims

As stated above, under 28 U.S.C. § 1915(e)(2)(B)(i), the Court must dismiss any action filed without prepayment of the filing fee that is frivolous. Frivolousness may include not only allegations that "lack an arguable basis in either law or in fact," but allegations that are clearly "fanciful," "baseless," "fantastic," or "delusional."[25] Given Mr. Eclips's baseless claims which lack an arguable basis in law and fact, this Complaint, which is similar to one he filed a decade ago,[26] should also be dismissed as frivolous.[27]

Accordingly, **IT IS HEREBY ORDERED:**

1. This case is **DISMISSED** under 28 U.S.C. § 1915(e)(2)(B), with prejudice.

---

[25] *Denton v. Hernandez*, 504 U.S. 25, 31–33 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 325–28 (1989)).

[26] *See Kirkwood v. Chandler*, 3:11-cv-00017-RRB, Docket 1-1 at 1 (Defendant "SGT Chandler verbally abused/assaulted me. I Bobby Kirkwood/Luna Eclips was working in the kitchen, and was cleaning meal carts when Sgt. Chandler . . . began to curse at me at the top of his lungs, nose to nose, while spitting in my face. After about 2 ½ minutes of his yelling/abuse/assault, SGT Chandler asked me 'what did I have to say to him?' I replied that 'I have nothing to say to you!' I was then told that 'HE WOULD F*** ME UP IN HERE!'"); *id.* at 2 ("I submitted a cop-out to [Defendant] Assistant Superintendent Mr. Self . . . [and] . . . [Defendant] Lt. Wilkerson . . . with no response").

[27] *See also Cato v. U.S.*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) ("There is no abuse of discretion where a district court dismisses under [former] § 1915(d) a complaint 'that merely repeats pending or previously litigated claims.'") (quoting *Bailey v. Johnson,* 846 F.2d 1019, 1021 (5th Cir. 1988), and *Denton*, 504 U.S. at 30 ("recognizing Congress's concern that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits'") (internal citation omitted)).

2. This dismissal constitutes a **STRIKE** under 28 U.S.C. § 1915(g).[28]

3. All outstanding motions are **DENIED** as moot.

4. The Clerk of Court shall enter a final judgment accordingly.

Dated at Anchorage, Alaska this 5th day of April, 2021.

*/s/ Ralph R. Beistline*
RALPH R. BEISTLINE
United States District Judge

---

[28] 28 U.S.C. § 1915(g), prohibits a prisoner who files more than three actions or appeals in any federal court in the United States which are dismissed as frivolous or malicious or for failure to state a claim upon which relief may be granted, from bringing any other actions without prepayment of fees unless the prisoner can demonstrate that he or she is in "imminent danger of serious physical injury." *See Eclips v. Self,* 3:15-cv-00110-SLG, Docket 28, dismissed for failure to state a claim for relief.